United States Courts
Southern District of Texas
ENTERED

DEC 0 5 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-01-472 |
| | § | |
| NICHOLAS NNAJI | § | |
| | § | |
| (Civil Action No. 04-4309) | § | |

## MEMORANDUM AND OPINION

In a motion and amended motion under 28 U.S.C. § 2255 to vacate or set aside the federal criminal judgment against him, Nicholas Nnaji asserts that the evidence against him at trial was insufficient to support his conviction for conspiracy to possess one kilogram or more of heroin with the intent to distribute and for possession of one kilogram or more of heroin with the intent to distribute. (Docket Entry Nos. 210, 211). Nnaji also asserts that his trial and appellate counsel provided ineffective assistance in several respects; that his confrontation rights were violated under *Crawford v. Washington*, 541 U.S. 36 (2004); and that his sentence violated *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). The government has responded and moved for summary judgment. (Docket Entry No. 219). Based on the pleadings; the parties' submissions; the record; and the applicable law, this court grants the government's motion for summary judgment and, by separate order, enters final judgment. The reasons are set out below.

I.      **Background**

The evidence at Nnaji's trial showed that law enforcement intercepted an international shipment of heroin carried by a woman named Lurette Linda Cronje, who traveled under the name of Geraldine Benson. After her arrest, Cronje agreed to cooperate and deliver the heroin in a "controlled" buy. After a series of contacts by Cronje, following instructions she received from a source in Kenya known as "Sunday," Nicholas Nnaji and a codefendant, Freddie Evans, came to the motel where Cronje was waiting with a container containing over 1.2 kilograms of heroin. Both Evans and Nnaji had papers with names and telephone numbers that corresponded Cronje's contact information. They were arrested and indicted. A first trial resulted in a mistrial. A second trial resulted in convictions for both defendants under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. He was sentenced to a prison term of 188 months. Nnaji filed a direct appeal, challenging the decision to dismiss a juror during deliberations for failing to participate in the deliberations. The Fifth Circuit affirmed, finding ample support in the record for the judge's finding that the excused juror had not participated in jury deliberations, providing cause for removal under Rule 23 of the Federal Rules of Criminal Procedure. (Docket Entry No. 196).

Nnaji timely filed this motion under section 2255, raising only some of the grounds he now presses. He subsequently filed an amended motion, adding a number of additional grounds. The government asserts that the grounds raised in the amended motion were untimely raised and are not properly before this court.

## II. Analysis

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (*quoting United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 112 S. Ct. 978 (1992). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete

miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 113 S. Ct. 621 (1992).

Nnaji contends that his counsel was deficient in several respects. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668 (1984); *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001). The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating a claim of ineffective assistance need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland*, 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson*, 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993)).

As to the prejudice portion of the inquiry, a convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Strickland,* 466 U.S. at 691.

Nnaji first argues that his sentence should be vacated because his trial counsel rendered ineffective assistance by failing:

(A) to challenge the law enforcement officers' statements that they had Mirandized Nnaji;

(B) to show that they had exceeded the scope of Nnaji's consent to search his person;

(C) to show that they had continued to question him after he had invoked his right to counsel;

(D) to show that they had turned off a recorder to hide these facts and had fabricated an inculpatory statement;

(E) to show that there was no probable cause for the arrest; and

(F) to show that they had illegally searched Nnaji's house.

(Docket Entry No. 210, Section 2255 Motion, p. 6; Docket Entry No. 211, Amended Section 2255 Motion, pp. 6-6A).

The record reveals that Nnaji's trial counsel filed a motion to suppress that was presented in a two-day evidentiary hearing. At the hearing, counsel did raise the points that Nnaji identifies in this motion. At the conclusion of the hearing, this court entered detailed findings and conclusions specifically rejecting these points as unsupported by the credible evidence. The record does not support Nnaji's contention that trial counsel was deficient in preparing for or presenting the suppression motion or evidence.

In his second ground for relief, Nnaji claims that his trial counsel's failure to renew the motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure was ineffective assistance. (Docket Entry No. 210, Section 2255 Motion, p. 6A). The government argues that this failure, even if deficient, could not have caused prejudice because the evidence was sufficient to support the conviction.

In considering whether there was sufficient evidence, the evidence is reviewed "to determine whether a rational trier of fact, after considering all the evidence and reasonable inferences drawn therefrom in a light most favorable to the verdict, could have found the defendant guilty beyond a reasonable doubt." *United States v. Cornett,* 195 F.3d 776, 781-82 (5th Cir. 1999) (citing *United States v. Walker*, 148 F.3d 518, 523 (1998)). The crime of possession of heroin with intent to distribute requires that the government establish beyond a reasonable doubt that: (1) defendant knowingly possessed the illegal drug; and (2) defendant possessed the drug with the specific intent to distribute it. *United States v. Garcia,* 182 F.3d 1165, 1174 (10th Cir. 1999). To establish a drug conspiracy under 21 U.S.C. §

846, the government had to prove that an agreement existed between two or more persons to violate the narcotics laws, that each alleged conspirator knew of and intended to join the conspiracy, and that each one voluntarily participated. *United States v. Inocencio*, 40 F.3d 716, 725 (5th Cir. 1994). A conspiratorial agreement may be tacit and may be proved by circumstantial evidence, including evidence of concerted action among coconspirators. *Id.* Although mere presence at the scene of the crime is not sufficient by itself to authorize a conviction, the jury may consider that fact together with other evidence of guilt in reaching its verdict. *United States v. Parrish,* 736 F.2d 152, 157 (5th Cir. 1984).

At trial, the government presented evidence of the heroin interdiction and the controlled buy that followed, including the surveillance over Evans and Nnaji. The testimony of the law enforcement officers regarding their observations and undercover transactions, as well as the recordings, and the evidence found on Nnaji's person, provided ample evidence of his involvement in the heroin purchase. "A jury may find knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present." *United States v. Gallardo-Trapero,* 185 F.3d 307, 322 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 961 (2000) (internal citations and quotations omitted). The complaint Nnaji raises as to his trial counsel's performance does not show prejudice. There was ample evidence to support the conclusion that Nnaji had conspired to possess and possessed heroin with the intent to distribute it.

In his third ground for relief, Nnaji argues that his right of confrontation was violated when the trial court permitted Cronje to testify about information that she received from Sunday. (Docket Entry No. 210, Section 2255 Motion, p. 6B). Nnaji was unable to cross-examine Sunday. Nnaji's *Crawford* objection fails. The law is clear that *Crawford* does not apply retroactively to convictions that were final when the decision issued and that are before a court on collateral review. *Bintz v. Bertrand,* 2005 WL 774922 (7th Cir. Apr. 7, 2005); *Brown v. Uphoff,* 381 F.3d 1219, 1225-27 (10th Cir. 2004). And, as the government points out, *Crawford* does not apply to statements admitted under the coconspirator exception to the hearsay rule. *Crawford,* 541 U.S. at 56.

Nnaji's challenges to his sentence are similarly precluded. Nnaji relies on *Booker* and *Blakely*, both decided after his conviction became final. The case law is clear that *Booker* is not retroactively applied to cases on collateral review. *Varela v. United States,* 400 F.3d 864 (11th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005); *see also United States v. Brown,* 305 F.3d 304 (5th Cir. 2002), *cert. denied,* 538 U.S. 1007 (2003) (holding that *Apprendi* is not retroactive on collateral review).

Nnaji raises a number of additional claims in his proposed amended motion. He filed that motion in December 2004, after the deadline for filing. The government argues that to the extent the amended motion raises new claims, they do not relate back to the earlier filing and are time-barred. In *Mayle v. Felix,* 125 S. Ct. 2562 (2005), the Supreme Court analyzed the relationship between relation-back under Rule 15 of the Federal Rules of Civil Procedure and the time limit of the habeas rules. Rule 15(c)(2) states that an amended pleading relates

back to the date of an earlier timely pleading if the amended and earlier pleading arise out of the same "conduct, transaction, or occurrence." The Supreme Court held that the claims in an amended habeas petition will relate back to the original filing "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Mayle*, 125 S. Ct. at 2570. In *Mayle*, the Court held that challenges to the petitioner's pretrial statements raised in an amended petition did not relate back to the earlier petition, which challenged a witness's statements in a police interrogation that occurred in a different time and place. The Court held that because the claims arose from different conduct, the amended claim did not relate back to the earlier petition and was not timely filed.

Applying the *Mayle* analysis reveals that many of the claims Nnaji asserts in his amended section 2255 motion are barred. Nnaji did not raise the following arguments in his original section 2255 motion:

- (A) appellate counsel was constitutionally ineffective for failing to challenge on appeal the denial of the motion to suppress;

- (B) trial counsel was constitutionally ineffective for failing to obtain an expert witness to challenge the chain of custody of the seized heroin;

- (C) appellate counsel was constitutionally ineffective for failing to raise issues on appeal regarding the prosecution's alleged failure to disclose evidence favorable to Nnaji;

- (D) trial counsel was ineffective for failing to object to prosecutorial jury argument;

(E) government agents intentionally turned off a video recorder during taping of Nnaji's statement to suppress the exculpatory portion of that statement;

(F) his conviction was unconstitutionally obtained by 11 jurors;

(G) appellate counsel was constitutionally ineffective for failing to argue on appeal that the removed juror, Nnaji, and Evans are African-American; . . .

(H) the court erred in telling the jury during voir dire that the trial would not last more than five days; and

(I) trial counsel was constitutionally ineffective for failing to object to a different district judge temporarily presiding while the jury deliberated.

Other allegations Nnaji raises in his amended motion that he did not raise earlier are part of what he identifies as issue 13. Nnaji alleges that his trial or appellate counsel was constitutionally ineffective by failing to:

(J) offer evidence of Evans's recantation and denial of his confession;

(K) inform the jury that Sunday was in custody and that the court denied Nnaji's motions to subpoena Sunday;

(L) obtain exculpatory audiotapes and Caller ID from Nnaji's office; . . .

(M) make an opening statement on the day trial started;

(N) notify Nnaji of an unspecified one-day continuance; and

(O) appeal more than one issue on direct appeal.

Three of the issues raised in the amended section 2255 motion – that appellate counsel provided ineffective assistance by failing to challenge on appeal the denial of the motion to suppress, failing to raise the prosecution's alleged failure to disclose evidence favorable to Nnaji, and failing to argue that racism motivated the removal of the juror (claims A, C, and

G) – arise from events different from those presented in Nnaji's original section 2255 motion. These claims do not relate back and are time-barred.

Nnaji also complains of the failure to challenge the chain of custody of the seized heroin. Nnaji also complains that trial counsel was ineffective for failing to object to prosecutorial jury argument. These claims (claims B and D) relate to events that occurred at a time and place different from the events discussed in the first filing. These claims do not relate back to Nnaji's original section 2255 motion and are untimely.

Nnaji also challenged the removal of a juror during deliberations. He did not assert this as a claim in his original section 2255 motion, raising it there only as an argument in support of his challenge to the sufficiency of the evidence. Nnaji also challenged a statement by this court during voir dire – about the likely length of the trial – and the fact that another judge presided while the jury deliberated, with all parties' consent. These claims are also based on events that were not raised in the earlier petition and took place at a different time. Claims F, H, and I are time-barred because they do not relate back to the original section 2255 motion. Claims J, K, L, M, N, and O are similarly barred.

Some of the claims that are timely are meritless. Nnaji argues that trial counsel was ineffective for failing to challenge the searches of his home, office, and person. (Docket Entry No. 211, Amended Section 2255 Motion, pp. 6-6A). These claims in Nnaji's amended habeas petition relate back to the original section 2255 motion because the claims arise from the same core facts as the timely-filed claims of ineffective assistance. This court has, however, rejected these claims as meritless. In his amended section 2255 motion, Nnaji

again challenges this court's decision to remove a juror. Nnaji's challenge to the decision to remove the nondeliberating juror was raised and rejected on appeal and cannot form a basis for habeas relief.

The challenges to appellate counsel's performance are not a basis for relief. Such challenges are judged under the *Strickland v. Washington* standard, which requires that the attorney's representation was deficient and that the deficient performance caused prejudice. *See Strickland,* 466 U.S. at 687-88, 692; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998). Nnaji cannot make these showings.

The first element requires Nnaji to show that his appellate counsel's conduct "fell below an objective standard of reasonableness." *United States v. Williamson,* 183 F.3d 458, 463 (5th Cir. 1999) (quoting *Strickland,* 466 U.S. at 688). This court's review is deferential, presuming that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *See Evitts,* 469 U.S. at 394; *West v. Johnson,* 92 F.3d 1385, 1396 (5th Cir. 1996). Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *See Evitts,* 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *See Strickland,* 466 U.S. at 690-91. To show prejudice, Nnaji must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jones,* 163 F.3d at 302 (quoting *Strickland,* 466 U.S. at 694). Such a reasonable probability

makes the proceeding unfair or unreliable, so as to undermine confidence in the outcome. *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1998) (citing *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)). Nnaji fails to show how counsel's performance was deficient. Nor has Nnaji shown that the result of the proceedings would have been different had counsel presented these issues on appeal.

The arguments that counsel failed to raise more than one issue on appeal and trial counsel should have investigated additional unspecified mitigating evidence are conclusory. The argument that counsel should have notified Nnaji of a one-day delay in the proceedings is frivolous. Other arguments are simply not supported by the record.

To the extent Nnaji moves for leave to amend to add new claims for habeas relief, which arise out of different core facts from the claims asserted in his earlier motion, his motion is denied. To the extent Nnaji moves for leave to amend to add arguments to support his earlier claims or to add claims that arise out of the same core facts as the timely-filed claims, his motion is granted, but these claims do not support the relief he seeks. (Docket Entry No. 211). This court grants the government's motion for summary judgment, (Docket Entry No. 219), dismisses the motion to vacate, (Docket Entry Nos. 210 & 211), and, by separate order, enters final judgment. Nnaji's motion for extension of time to file a response to the government's response, (Docket Entry No. 221), is granted *nunc pro tunc.*

SIGNED on December 2, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge