**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H 01-472 |
| § | |
| NICHOLAS NNAJI § | |
| (Civil Action No. 04-4309) § | |

**MEMORANDUM AND ORDER**

A jury convicted Nicholas Nnaji of conspiracy to possess in excess of one kilogram of heroin with the intent to distribute it, and possession of in excess of one kilogram of heroin with the intent to distribute it. The conviction resulted from the interception of an international shipment of heroin carried by a woman named Lurette Linda Cronje, who traveled under the name of Geraldine Benson. After her arrest, Cronje agreed to cooperate with law enforcement and deliver the heroin as intended, in a controlled buy. Nnaji and a codefendant, Freddie Evans, were arrested when, after a series of contacts Cronje made, following instructions provided her from a source in Kenya known as "Sunday," Nnaji and Evans came to the motel where Cronje was waiting to retrieve the container containing over 1.2 kilograms of heroin. Both Evans and Nnaji had papers with names and telephone numbers that corresponded to the contact information Cronje carried. After a mistrial, a second trial resulted in convictions for all defendants under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. This court sentenced Nnaji to a prison term of 188 months. Nnaji filed a direct appeal, challenging the decision of the district judge to dismiss a juror during deliberations. The Fifth Circuit affirmed, finding ample support in the record for the judge's finding that the excused juror had not participated in jury deliberations, providing cause for removal under Rule 23 of the Federal Rules of Criminal Procedure. Nnaji timely filed this motion under § 2255. He subsequently filed

1

an amended motion, adding a number of challenges. Nnaji asserted that the evidence against him at trial was insufficient to support his conviction for conspiracy to possess one kilogram or more of heroin with the intent to distribute and for possession of one kilogram or more of heroin with the intent to distribute. Nnaji also asserted that his trial and appellate counsel provided ineffective assistance in several respects; that his confrontation rights were violated under the standard of *Crawford v. Washington*, 541 U.S. 36 (2004); and that his sentence violated *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). On December 5, 2005, this court granted the government's motion for summary judgment and dismissed Nnaji's § 2255 petition. Almost four years later, in September 2009, Nnaji filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. (04-CV-04309, Docket Entry No. 8). That motion was denied on October 29, 2009. (04-CV-04309, Docket Entry No. 11). In June 2010, Nnaji filed another motion under Rule 60(b) seeking relief from the final judgment entered in 2005. (04-CV-04309, Docket Entry No. 12). He reasserted his arguments based on the search that he claims was unconstitutional and on the government's failure to bring "Sunday" as a witness, as well as other arguments he previously raised. He asserted that he has new information obtained through the Freedom of Information Act, but the exhibits he attached to his motion for relief appear to be documents available to the lawyers and court during the criminal trials or transcripts of proceedings in those trials.

Nnaji has also moved for the recusal of this judge as well as the judge who accepted the verdict in his second criminal trial. (04-CV-04309, Docket Entry No. 13); (01-CR-0472-2, Docket Entry No. 266). Both this motion and the motion for relief from judgment are addressed below.

**I.    The Motion for Recusal**

Nnaji moves under 28 U.S.C. § 455, which provides in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Section 455 requires a judge to disqualify when "his impartiality might reasonably be questioned." *Id.* The Supreme Court has explained that the appearance of impartiality controls the § 455 analysis and not whether a judge subjectively believes herself to harbor bias or prejudice. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 108 S. Ct. 2194, 2202–03 (1988). The Fifth Circuit has established three guidelines for courts to follow when applying § 455. *Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003). First, courts must use an objective standard for evaluating bias. *Id.* (citing *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)). Second, a court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.,* 535 U.S. 229, 122 S. Ct. 1290, (2002)). Third, courts must consider the origin of a judge's alleged bias, a consideration that is also known as the "extrajudicial source rule." *Id.* (citing *Liteky v. United States,* 510 U.S. 540, 114 S. Ct. 1147, 1153 (1994)). "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place

outside of the litigation context and holds that the former rarely require recusal." *Id.* To determine whether recusal is required under § 455(a), courts must decide "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108, 124 S. Ct. 1071 (2004); s*ee also Liljeberg*, 108 S.Ct. at 2203 (explaining that § 455 requires judicial recusal "if a reasonable person, knowing all the circumstances would expect that the judge would have actual knowledge" of his interest or bias in the case).

Nnaji's only basis for recusal is the rulings made during the two trials over which this judge presided and the return of the verdict to Judge Hittner in the second trial. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 114 S. Ct. at 1157. With no evidence of any extrajudicial source of evidence to support recusal, the court's rulings are insufficient to establish any appearance of impartiality. *See In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) (trial judges must be free to make rulings on the merits without apprehension that a disproportionate number in favor of one litigant may create the impression of bias). When no extrajudicial source is involved, judicial rulings may serve as the basis for disqualification only "in the rarest of circumstances" where they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 114 S. Ct. at 1157. Nnaji does not point to any evidence that any of the court's prior rulings in this case are based on an extrajudicial source or that they exhibit the degree of favoritism or antagonism required to warrant recusal under § 455(a). *See id.* at 1157 ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."). Nor does Nnaji argue that this court has made any statements that reveal a deep-rooted favoritism or antagonism against him. An objective third party aware of all the

facts could not reasonably question the court's impartiality. The motion for recusal is denied.

## II.     The Motion for Relief From Final Judgment

Nnaji moves under Rule 60, which states in pertinent part as follows:

**Rule 60. Relief from a Judgment or Order**

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
> (1) **Timing.** A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

This court entered final judgment on Nnaji's motion under § 2255 in December 2005. He did not appeal. Nnaji cannot seek relief under Rule 60(b)(1), (2), or (3). Rule 60(b)(3) addresses newly discovered evidence, which is the primary basis for his argument.

Relief may be granted outside of the one-year period under Rule 60(b)(6) on the basis of "any other reason that justifies relief." Such motions must be brought within a "reasonable time" under Rule 60(c)(1), however, and a court may grant relief under Rule 60(b)(6) only when presented with "extraordinary circumstances." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The "catch-all provision [of Rule 60(b)(6) is] meant to encompass circumstances not covered by Rule

5

60(b)'s other enumerated provisions." *Id.* "Rule 60(b)(6) motions are not substitutes for timely appeals." *Id.* Moreover, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement [and courts have] . . . no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360 (2007). The Rule 60(b) motion was not filed within a reasonable time and Nnaji has not shown that extraordinary circumstances justify relief from the judgment or an abuse of discretion in denying his motion. *See Hess*, 281 F.3d at 216; *U.S. v. Green*, 348 F. App'x 917, 918–19 (5th Cir. Oct. 6, 2009).

In addition, the arguments Nnaji makes, and the evidence on which he relies, are neither new nor a basis for the relief he seeks. The motion for relief from final judgment is denied.[1]

## III. Conclusion

Nnaji's motion for recusal and motion for relief from final judgment are denied.

SIGNED on December 27, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] Nnaji's motion for entry of a default, (01-CR-0472, Docket Entry No. 269), (04-CV-4309, Docket Entry No. 16); and letter motion for entry of judgment, (01-CR-0472, Docket Entry No. 270), are denied. Nnaji has also filed requests for information about his filings with this court. (01-CR-0472, Docket Entry No. 268); (04-CV-4309, Docket Entry No. 15). Nnaji asks why some of his filings are docketed with his underlying criminal action, 01-CR-472, while others are docketed with his civil action, 04-CV-4309. A habeas corpus application under § 2255 is a civil case but related to the underlying criminal case. For that reason, the filings may be docketed in both cases, 01-CR-472and 04-CV-4309. Nnaji also asked why the docket dates may differ from the actual filing dates. The docket date is the date that the clerk's office added a filed document to the docket.